```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

SE PROPERTY HOLDINGS, LLC, *
*et al.*,                  *
                           *
     Plaintiffs,           *
                           * CIVIL ACTION NO. 20-00297-KD-B
vs.                        *
                           *
JASON DYKEN, *et al.*,     *
                           *
     Defendants.           *

**REPORT AND RECOMMENDATION**

This action is before the Court on Defendants Jason Dyken, Renee Dyken, The Mortgage Doctor, LLC, Sixth Sense Trust, and Capital Mass Limited Partnership's motion to dismiss the claims asserted by Plaintiff Terrie S. Owens, in her capacity as the Chapter 7 Trustee in the bankruptcy case of Jason Dyken. (Doc. 155). The motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends that Defendants' motion to dismiss be **GRANTED,** and that Plaintiff's embedded request for leave to amend be **DENIED without prejudice.**

   I.   **BACKGROUND**

In this action, Plaintiffs SE Property Holdings, LLC ("SEPH") and Terrie S. Owens, in her capacity as the Chapter 7 Trustee in the bankruptcy case of Jason Dyken (the "Trustee"), assert claims

against Defendants Jason Dyken ("Jason"), Renee Dyken ("Renee"), The Mortgage Doctor, LLC ("Mortgage Doctor"), Sixth Sense Trust (the "Trust"), Capital Mass Limited Partnership ("Capital Mass"), and Midland National Life Insurance Co. ("Midland"),[1] based on a scheme and series of transactions allegedly made to defraud Jason's creditors, including SEPH.  (See Doc. 149, generally).

SEPH commenced this action by filing a complaint in this Court on June 1, 2020.  (Doc. 1).  As relevant to the instant motion, SEPH alleged that the Court had subject matter jurisdiction "over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of costs and interest, and because there exists complete diversity of citizenship between plaintiff and the defendants."  (Id. at 2).

On January 8, 2021, Jason filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Alabama.  (See Doc. 76).  The Trustee was appointed as the Chapter 7 bankruptcy trustee in Jason's bankruptcy case.

On May 18, 2021, the Trustee filed a motion to be substituted as the real party Plaintiff in this action.  (Doc. 88).  The Court

---

[1] On January 25, 2023, Plaintiffs and Midland jointly stipulated to the dismissal without prejudice of all claims asserted against Midland in this action.  (Doc. 177).  The instant motion is brought by all Defendants except Midland.  (See Doc. 155).

granted the motion on June 9, 2021, and substituted the Trustee as the party Plaintiff in place of SEPH.  (Doc. 90).

On December 3, 2021, the Trustee and SEPH jointly filed a motion to alter or amend the substitution order, asserting that the Trustee should only remain substituted as to Counts One through Four and Count Eight (and potentially Count Seven), and that SEPH should be reinserted as the Plaintiff in Counts Five through Seven. (Doc. 104).  The Court granted the motion on April 20, 2022, and SEPH was reinserted as the Plaintiff under Counts Five through Seven.  (Doc. 115 at 11).

On August 30, 2022, the Trustee and SEPH filed a motion for leave to file an amended complaint. (Doc. 119).  Plaintiffs sought to amend the complaint to (1) reflect that "the Trustee is now the real party in interest as to Counts One through Four and Count Eight, and . . . may also be an interested party as to Count Seven"; to "allege additional facts relating to the status of the underlying judgment against Jason, SEPH's appeal of that judgment, the [Alabama] Supreme Court's reversal of the initial judgment on the grounds that SEPH was entitled to additional damages, and an additional judgment entered against Jason regarding these additional damages"; and (3) "to amend certain factual allegations that [SEPH] believes need to be amended based on facts SEPH has learned in the course of preparing responses to discovery." (Id. at 3-4).  No opposition to the motion was filed, and the Court

3

granted the motion for leave to amend on December 15, 2022. (Doc. 146). Plaintiffs filed their amended complaint on December 20, 2022, and it is now the operative complaint in this action. (Doc. 149).

Plaintiffs assert the following claims in the amended complaint: Actual Fraudulent Transfer pursuant to Ala. Code § 8-9A-4(a), by the Trustee against all Defendants except Renee and Midland (Count One); Constructive Fraudulent Transfer pursuant to Ala. Code § 8-9A-4(c), by the Trustee against all Defendants except Renee and Midland (Count Two); Constructive Fraudulent Transfer pursuant to Ala. Code § 8-9A-5(a), by the Trustee against all Defendants except Renee and Midland (Count Three); Conspiracy to Defraud, by the Trustee against all Defendants except Midland (Count Four); Fraudulent Representation, by SEPH against Jason (Count Five); Fraudulent Concealment, by SEPH against Jason (Count Six); Declaratory Judgment, by SEPH (Count Seven); and Accounting and Declaratory Judgment, by the Trustee (Count Eight). (Id. at 12-20). Despite the addition of the Trustee as a Plaintiff, the jurisdictional allegations in the amended complaint are unchanged from the original complaint. (See id. at 2).

On January 4, 2023, Defendants Jason, Renee, Mortgage Doctor, the Trust, and Capital Mass (collectively "Defendants") filed the instant motion to dismiss the Trustee's claims based on a lack of

subject matter jurisdiction.  (Doc. 155).  The motion has been fully briefed and is now ready for resolution.

**II.  LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  A complaint "must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends."  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (quotation omitted).

Although Defendants do not cite the rule in their motion to dismiss or supporting brief, motions to dismiss for lack of subject matter jurisdiction are properly brought under Federal Rule of Civil Procedure 12(b)(1).  A Rule 12(b)(1) challenge to subject matter jurisdiction may take the form of a facial or factual attack on the complaint.  Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam).  The instant motion is a facial attack to

5

the existence of subject matter jurisdiction, as it is based solely on the allegations in Plaintiffs' amended complaint. Facial attacks require the court to evaluate whether a complaint alleges a sufficient basis for subject matter jurisdiction, while accepting all factual allegations as true for purposes of the motion. Id. at 1529.

### III. DISCUSSION

    **A. Motion to Dismiss.**

Defendants contend that the Trustee's claims should be dismissed for lack of subject matter jurisdiction. (Doc. 155 at 1-2). Defendants note that the amended complaint asserts that the Court has jurisdiction over the Trustee's claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332.[2] (Id. at 1). However, Defendants point out that the Trustee "failed to specifically allege her citizenship, which is a requirement to show that the

---

[2] Under 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a)(1). "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' - the citizenship of every plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). However, there is an exception to the rule of complete diversity. "[A] court may ignore the citizenship of a plaintiff which has an independent basis of original federal jurisdictional against the defendant." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).

6

plaintiff[s] and defendant[s] are citizens of different states."[3] (Id.). Defendants further contend that even if the Trustee had alleged her citizenship, her claims would be subject to dismissal based on a lack of complete diversity of citizenship, because the Trustee[4] and Defendants Jason, Renee, Mortgage Doctor, and Capital Mass are all Alabama citizens. (Id.).

In response, the Trustee concedes that the jurisdictional allegations in the amended complaint are defective, and "that the Court does not have subject matter jurisdiction over her claims under 28 U.S.C. § 1332 because Jason's citizenship controls for determining the Trustee's citizenship for purposes of diversity." (Doc. 188 at 7-8). However, the Trustee asserts that notwithstanding the lack of diversity jurisdiction, "it is unquestionable" that the Court has jurisdiction over her claims pursuant to 28 U.S.C. §§ 1331 and 1334.[5] (Id. at 8). The Trustee

---

[3] When diversity jurisdiction is invoked, the complaint's allegations "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013).

[4] Bankruptcy trustees are the subject of a special rule for diversity purposes: "It is the citizenship of the bankrupt rather than the citizenship of the trustee in bankruptcy that is determinative for diversity jurisdiction." Lesti v. Wells Fargo Bank, N.A., 960 F. Supp. 2d 1311, 1319 n.2 (M.D. Fla. 2013) (alteration omitted) (quoting Carlton v. Baww, Inc., 751 F.2d 781, 787 (5th Cir. 1985)).

[5] Section 1331 provides district courts with subject matter jurisdiction over "all civil actions arising under the

admits that the amended complaint does not include an allegation that the Court has subject matter jurisdiction under either § 1331 or § 1334, but she states that "[t]his was an oversight by the Plaintiffs, who kept unchanged the jurisdictional allegations of SEPH's original complaint."  (Id. at 5-6).  The Trustee argues that the Court should deny the instant motion and allow Plaintiffs to amend the complaint pursuant to 28 U.S.C. § 1653 to allege the proper basis for the Court's subject matter jurisdiction over the Trustee's claims.  (Id. at 1-2, 10-16).

Defendants appear to acknowledge that this Court would have subject matter jurisdiction over the Trustee's claims but for the defective jurisdictional allegations in the amended complaint. (See Docs. 169, 194).  However, Defendants assert that the Trustee's "delay" in asserting the proper basis for jurisdiction, combined with the procedural posture of this case,[6] warrant the

---

Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Section 1334 "gives 'the district courts . . . original and exclusive jurisdiction of all cases under [the Bankruptcy Code],' [28 U.S.C.] § 1334(a), and . . . 'original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code],' id. § 1334(b)."  Alderwoods Grp., Inc. v. Garcia, 682 F.3d 958, 966 n.17 (11th Cir. 2012).

[6] Pursuant to the Court's amended Rule 16(b) scheduling order dated June 22, 2022, any motion for leave to amend the pleadings was required to be filed by September 16, 2022, all discovery was to be completed by January 31, 2023, any dispositive motions must be filed by February 24, 2023, and this action is set for a final pretrial conference on June 1, 2023.  (Doc. 117).

8

denial of the Trustee's request for leave to amend. (Doc. 194 at 2).

Notwithstanding the parties' focus on whether leave to amend should be granted, the determination of the instant motion to dismiss must be "limited to the four corners of the complaint." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). It is axiomatic that "a plaintiff cannot amend a complaint through statements in a brief." Payne v. Ryder Sys., Inc. Long Term Disability Plan, 173 F.R.D. 537, 540 (M.D. Fla. 1997). There is no dispute that Plaintiffs' amended complaint, as drafted, fails to allege a sufficient basis for this Court's subject matter jurisdiction over the Trustee's claims. Additionally, as explained in the section below, the Trustee has not properly sought leave to amend to cure the amended complaint's defective jurisdictional allegations. Accordingly, Defendants' motion to dismiss is due to be granted.

**B.   Leave to Amend.**

As noted *supra*, the Court's amended Rule 16(b) scheduling order required any motion for leave to amend the pleadings to be filed by September 16, 2022. (Doc. 117 at 2). District courts are required to "issue a scheduling order . . . [that] limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once entered, a scheduling order "may be modified only for good cause

9

and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (citation omitted); see also Roberson v. BancorpSouth Bank, Inc., 2013 U.S. Dist. LEXIS 130423, at *7, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry.").

Nevertheless, defective allegations of jurisdiction "can be corrected at any time pursuant to 28 U.S.C. § 1653."  Brandenburg v. Bd. of Regents of Univ. Sys. of Ga., 518 F. App'x 628, 631 (11th Cir. 2013) (per curiam); see 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").  "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly."  Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984); see Brandenburg, 518 F. App'x at 631 (contrasting § 1653's liberal amendment standard with the good cause requirement to amend a scheduling order to file an untimely amended complaint under Rule 16(b)(4)); Pinkhasov v. Columbia Debt Recovery, LLC, 2020 U.S. Dist. LEXIS 263982, at *6-7, 2020 WL 13389818, at *2-3 (S.D. Fla. Dec. 23, 2020) (granting plaintiff leave to file an amended complaint curing defective jurisdictional

allegations pursuant to § 1653, but denying plaintiff's request to make other amendments to his complaint because he had not shown good cause to file an amended complaint beyond the scheduling order deadline). Section 1653 permits amendment only of defective jurisdictional allegations, "not defects in the jurisdictional facts themselves." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989).

However, "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)); see Houston v. Bayer Healthcare Pharms., Inc., 16 F. Supp. 3d 1341, 1351 (N.D. Ala. 2014) (denying request to amend that was improperly raised in plaintiff's response to defendant's motion to dismiss); Oxebridge Quality Res. Int'l, LLC v. Guberman PMC, LLC, 2022 U.S. Dist. LEXIS 112249, at *16 n.11, 2022 WL 2291680, at *7 n.11 (M.D. Fla. June 24, 2022) (noting that the court could not consider statements contained in plaintiffs' opposition brief in deciding defendants' motion to dismiss, and that plaintiffs could not seek leave to amend their complaint to add those allegations through their opposition brief).

Because the Trustee's request for leave to amend is merely "imbedded within an opposition memorandum," the Trustee has not

11

properly sought leave to amend to cure the amended complaint's defective jurisdictional allegations. See Rosenberg, 554 F.3d at 967. This is especially true given that the Trustee's request for leave to amend does not comply with this Court's requirement that the "proposed amended pleading must be filed as an attachment to [a] motion to amend." See S.D. Ala. CivLR 15(b). Without a proper motion, the Trustee's embedded request for leave to amend is due to be denied without prejudice.[7]

## IV.   CONCLUSION

For the reasons set forth above, the undersigned recommends that Defendants' motion to dismiss (Doc. 155) be **GRANTED**, and that the Trustee's non-motion request for leave to amend be **DENIED without prejudice**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should

---

[7] To the extent Plaintiffs seek to cure their failure to properly allege the basis for this Court's subject matter jurisdiction over the Trustee's claims, they must do so in a properly supported motion for leave to amend which includes as an attachment a proposed second amended complaint.

note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **February, 2023.**

                                              **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**