IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRIE S. OWENS, Bankruptcy Trustee,    )<br>     Plaintiff,                                               )<br>                                                                )<br>vs.                                                            )<br>                                                                )<br>JASON DYKEN, *et al.*,                             )<br>     Defendants.                                         ) | CIVIL ACTION 20-00297-KD-B |

**ORDER**

This matter is before the Court on the Plaintiff Terrie S. Owens (Bankruptcy Trustee)'s motion for leave of Court to file a second amended complaint (Doc. 200), the Report & Recommendation regarding Defendants Jason Dyken, Renee Dyken, The Mortgage Doctor, LLC, Sixth Sense Trust, and Capital Mass Limited Partnership's motion to dismiss (Doc. 155) the claims asserted by Owens (in her capacity as the Chapter 7 Trustee in the bankruptcy case of Jason Dyken) (Doc. 197), and the Trustee's Objection to the Report & Recommendation (Doc. 213).

Specifically, on January 4, 2023, the referenced defendants filed a motion to dismiss the claims asserted by Owens due to a lack of subject matter jurisdiction. (Doc. 155). Defendants stated that the amended complaint asserts that the Court has jurisdiction over the Trustee's claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332. However, Defendants noted that the Trustee "failed to specifically allege her citizenship, which is a requirement to show that the plaintiff[s] and defendant[s] are citizens of different states." (Doc. 155 at 1). Defendants further contend that even if the Trustee had alleged her citizenship, her claims would be subject to dismissal based on a lack of complete diversity of citizenship, because the Trustee and Defendants Jason, Renee, Mortgage Doctor, and Capital Mass are all Alabama citizens. (Id. at 2)

1

On February 13, 2013, the U.S. Magistrate Judge issued a Report & Recommendation (R&R) on the Defendants' motion to dismiss, recommending that the motion be granted, stating in relevant part as follows:

> ... the Trustee concedes that the jurisdictional allegations in the amended complaint are defective, and "that the Court does not have subject matter jurisdiction over her claims under 28 U.S.C. § 1332 because Jason's citizenship controls for determining the Trustee's citizenship for purposes of diversity." (Doc. 188 at 7-8). However, the Trustee asserts that notwithstanding the lack of diversity jurisdiction, "it is unquestionable" that the Court has jurisdiction over her claims pursuant to 28 U.S.C. §§ 1331 and 1334.5 (Id. at 8). The Trustee admits that the amended complaint does not include an allegation that the Court has subject matter jurisdiction under either § 1331 or § 1334, but she states that "[t]his was an oversight by the Plaintiffs, who kept unchanged the jurisdictional allegations of SEPH's original complaint." (Id. at 5-6). The Trustee argues that the Court should deny the instant motion and allow Plaintiffs to amend the complaint pursuant to 28 U.S.C. § 1653 to allege the proper basis for the Court's subject matter jurisdiction over the Trustee's claims. (Id. at 1-2, 10-16) ...
>
> ***
>
> .... Plaintiffs' amended complaint, as drafted, fails to allege a sufficient basis for this Court's subject matter jurisdiction over the Trustee's claims. Additionally ... the Trustee has not properly sought leave to amend to cure the amended complaint's defective jurisdictional allegations....
>
> ... the Court's amended Rule 16(b) scheduling order required any motion for leave to amend the pleadings to be filed by September 16, 2022. (Doc. 117 at 2). District courts are required to "issue a scheduling order . . . [that] limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once entered, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). ...
>
> ... defective allegations of jurisdiction "can be corrected at any time pursuant to 28 U.S.C. § 1653." Brandenburg v. Bd. of Regents of Univ. Sys. of Ga., 518 F. App'x 628, 631 (11th Cir. 2013) (per curiam); see 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984) ...
>
> ... "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." ....
>
> Because the Trustee's request for leave to amend is merely "imbedded within an opposition memorandum," the Trustee has not properly sought leave to amend to

> cure the amended complaint's defective jurisdictional allegations. See Rosenberg, 554 F.3d at 967. This is especially true given that the Trustee's request for leave to amend does not comply with this Court's requirement that the "proposed amended pleading must be filed as an attachment to [a] motion to amend." See S.D. Ala. CivLR 15(b). Without a proper motion, the Trustee's embedded request for leave to amend is due to be denied without prejudice.[]

(Doc. 197 at 6-12 (footnotes omitted)). Thus, even though recommending dismissal, the R&R acknowledged the Trustee's ability to cure defective allegations of jurisdiction by filing a motion for leave of Court to amend the complaint to accomplish such.

On February 15, 2023, in response to the R&R and within the timeframe for objecting to same, the Trustee filed a motion for leave of Court to file a second amended complaint. (Doc. 200). In the motion, the Trustee seeks to amend the complaint to correct the jurisdictional allegations as noted in the R&R. Specifically, to assert that the "Trustee's claims 'arise under' the Bankruptcy Code and federal law, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and § 1334[]" and jurisdiction as to SEPH's claims arise pursuant to 28 U.S.C. § 1334 and/or § 1367. (Doc. 200 at 2). The Trustee also filed an Objection to the R&R. (Doc. 213).

As acknowledged in the R&R, defective jurisdictional allegations can be corrected at any time per 28 U.S.C. § 1653, and leave to amend should be freely given when necessary to cure the same. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts[]" 28 U.S.C. § 1653, and "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly[,]" Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984). See e.g., Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) ("[appellant] is invited to file in this court ... a motion for leave to amend the complaint to correct the deficient allegations of citizenship[]"). The Trustee has now so moved (no longer by solely an embedded request), filing a motion for leave of Court to cure the jurisdictionally deficient allegations via the filing of a second amended complaint.

3

Upon consideration, it is **ORDERED** that the Trustee's motion for leave to file a second amended complaint to cure the jurisdictional allegations (Doc. 200) is **GRANTED** and the Defendants' motion to dismiss (Doc. 155) and Report & Recommendation (Doc. 197) are **MOOT**.

The Clerk is **DIRECTED** to docket Doc. 200-1 (Exhibit A) as the Trustee's Second Amended Complaint.

**DONE** and **ORDERED** this the **14th** day of **March 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**